EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GA-
BINO ÁLVAREZ RAMOS, conocido por GABINO RAMOS MA-
TOS, acusado y apelante.

Núm. 14957.—*Sometido:* Febrero 1, 1951. *Resuelto:* Febrero 6, 1951.

*José Rafael Gelpí,* abogado del apelante; *Hon. Procurador Ge-
neral Víctor Gutiérrez Franqui (Vicente Géigel Polanco,
Ex-Procurador General,* en el alegato), *J. Rivera Barreras,
Fiscal del Tribunal Supremo,* y *Frank Vizcarrondo Vivas,
Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del
tribunal.

La única cuestión levantada por el apelante es al efecto
de que el Tribunal de Distrito de Puerto Rico, Sección de
Mayagüez, que lo sentenció por infracción a la Ley núm.
220 de 15 de mayo de 1948 ((1) pág. 739), carecía de juris-
dicción exclusiva para conocer de dicho delito.  Funda su
tesis en que la Ley Orgánica de la Judicatura de Puerto Rico
aprobada el 15 de mayo de 1950 ((1) pág. 1127), al definir
la jurisdicción del Tribunal de Distrito de Puerto Rico pres-
cribe en su artículo 28(*b*)(2), que conocerá de "toda causa
por delito menos grave en que tenga jurisdicción exclusiva
o concurrente" y que como las cortes con jurisdicción exclu-
siva de este delito eran las de distrito y éstas fueron abolidas
al aprobarse la Ley de 15 de mayo, no se confirió tal juris-
dicción exclusiva al Tribunal de Distrito de Puerto Rico.
El apelante busca apoyo a su tesis en la circunstancia de
que al definirse la jurisdicción criminal del Tribunal Muni-
cipal de Puerto Rico en la sección 15 (*b*)(2) de la misma ley

se dispuso que la tendría "de todo delito en que por ley se haya conferido jurisdicción exclusiva o concurrente a las cortes y tribunales municipales existentes al tiempo de vigencia de esta Ley", y que no conteniendo la sección 28(b)(2) una cláusula análoga a la que aparece en la sección 15(b)(2) es manifiesta la intención legislativa de no conceder tal jurisdicción exclusiva al Tribunal de Distrito de Puerto Rico.

La diferencia en la redacción de esas dos secciones carece de importancia, pues si bien la 28(b)(2) no contiene dicha disposición, la sección 33 prescribe:

"Los jueces de distrito, jueces de distrito generales, fiscales, fiscales especiales generales, y fiscales auxiliares, secretarios y alguaciles del Tribunal de Distrito de Puerto Rico tendrán las mismas facultades, deberes y funciones que han ejercido bajo autoridad legal hasta la fecha de la vigencia de esta Ley".

De la sección 33 y del contexto de la Ley fácilmente resulta que el Tribunal de Distrito de Puerto Rico así como el Tribunal Municipal de Puerto Rico al.sustituir a las cortes y tribunales de distrito y municipales adquirieron la jurisdicción de las respectivas cortes abolidas.

*Procede la confirmación de la sentencia.*